MARSTILLER, J.
 

 Workers’ compensation claimant Marie Glinski (“Claimant”) has been receiving permanent total disability (“PTD”) benefits since 1990. On August 26, 2009, the employer/carrier (“E/C”) provided her an Earnings Report Form (DWC-19) to complete and return within twenty-one days.
 
 See
 
 § 440.15(l)(e)2.b., Fla. Stat. (1983). The form covered the period November 1, 2007, through August 26, 2009. Claimant returned the form, via counsel, on September 22, 2009, but failed to complete the portions asking for social security and other income received during the reporting period. The E/C made a subsequent request for a completed form but did not receive one. As a result, on December 21, 2009, the E/C suspended Claimant’s disability benefits. When Claimant finally submitted a complete earnings report on January 15, 2010, the E/C resumed the disability payments.
 

 Claimant later filed a petition for benefits (“PFB”) claiming entitlement to the disability benefits the E/C did not pay her during the suspension period, December 21, 2009, to January 15, 2010. After an evidentiary hearing, the Judge of Compensation Claims (“JCC”) denied the petition finding that Claimant willfully failed to complete the earnings report and that the E/C properly suspended disability payments as a consequence. Claimant argues on appeal that no competent, substantial evidence in the record shows willful failure on her part to timely complete and submit an Earnings Report Form. She also argues that the E/C had no authority to suspend her PTD benefits on its own when her entitlement to such benefits was adjudicated rather than administratively determined. We disagree with both arguments and affirm.
 

 Section 440.15(l)(e)2.b., Florida Statutes (1983), provides:
 

 The division shall provide by rule for the periodic reporting to the employer or carrier of all earnings of any nature and social security income by the injured employee entitled to or claiming benefits
 
 *783
 
 for permanent total disability. The employer or carrier, shall not be required to make any payment of benefits for the permanent total disability for any period during which the employee willfully fails or refuses to report, upon request by the employer or carrier in the manner prescribed by such rules.
 

 Florida Administrative Code Rule 69L-3.021(2) requires an employee to return a completed Earnings Report Form within twenty-one days after receipt from the E/C. The evidence in the record shows that Claimant received the form on August 26, 2009, but failed to supply the requested earnings information until January 15, 2010. Although she submitted the form in September 2009 through her attorney, that form did not contain the necessary financial information. At the hearing on her PFB, Claimant testified she did not know why she failed to complete the form in a timely manner, but cited as a possible reason that she was off her thyroid medication for a period. The JCC did not err in finding this testimony insufficient to overcome evidence of willful noncompliance. We further conclude that the unambiguous language of the above-quoted statutory provision authorized the E/C to stop paying Claimant disability benefits until she submitted a complete earnings report. The statutory language does not require an E/C to seek permission from a JCC before suspending disability benefits previously awarded by judicial determination.
 
 See Holly v. Auld,
 
 450 So.2d 217, 219 (Fla.1984) (holding that clear and unambiguous statutory language must be given its plain and obvious meaning). AFFIRMED.
 

 WETHERELL and SWANSON, J.J., concur.